J-A32017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS J. CONWAY, IV | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WALKER NELL PARTNERS, INC., AND WAYNE WALKER | |
| APPEAL OF: WALKER NELL PARTNERS, INC. | No. 3165 EDA 2013 |

Appeal from the Judgment Entered October 9, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 01549 December Term, 2011

| | |
|---|---|
| THOMAS J. CONWAY, IV | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WALKER NELL PARTNERS, INC. | |
| Appellee | No. 3357 EDA 2013 |

Appeal from the Judgment Entered October 9, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): December Term, 2011 No. 01549

BEFORE: PANELLA, OLSON AND FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.: **FILED APRIL 23, 2015**

In these consolidated appeals, Appellant, Walker Nell Partners, Inc. (Walker Nell), and Cross-Appellant, Thomas J. Conway, IV (Conway), appeal from the judgment entered on October 9, 2013 in the Civil Division of the Court of Common Pleas of Philadelphia County. We affirm.

*Retired Justice specially assigned to the Superior Court.

Conway is a certified public accountant. Walker Nell is a corporation that performs corporate restructuring, turn-around management, fiduciary services, and corporate financial services. Wayne Walker ("Walker") is the sole shareholder of Walker Nell.

On January 6, 2010, Conway and Walker (on behalf of Walker Nell) entered into an oral agreement under which Conway would perform liquidation and accounting services for Nutritional Sourcing Company, a Florida-based company that retained Walker Nell to conduct business close-out services in connection with its declaration of bankruptcy. Shortly thereafter, Conway traveled to Florida to commence work for Walker Nell. Eventually, however, a dispute emerged concerning Conway's rate of pay. Walker Nell, through Walker, terminated Conway's employment on July 30, 2010. By this time, Conway calculated that Walker Nell owed him $47,000.00.

Conway filed a complaint against Walker Nell and Walker on December 12, 2011. The complaint alleged that Walker Nell and Walker breached an oral contract to pay Conway at the rate of $80.00 per hour or, alternatively, that Walker Nell and Walker were unjustly enriched by paying Conway at the rate of $40.00 per hour. Conway also asserted a claim against Walker Nell and Walker for a violation of the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.1, *et seq*.

A four-day trial was held on July 30 through August 2, 2013. At trial, over objections, the court limited the scope of testimony offered by Walker Nell's labor market expert and precluded the testimony of Walker Nell's linguistics expert. Before closing arguments, Walker Nell and Walker moved for a directed verdict on four issues: the breach of contract claim, the unjust enrichment claim, the WPCL claim, and the individual claims against Walker. The trial court granted the motions with respect to Conway's WPCL claim and the claims against Walker individually but denied the motions with respect to the breach of contract and unjust enrichment claims. On August 6, 2013, the jury returned a verdict in favor of Conway and against Walker Nell on his breach of contract claim and awarded him $47,194.41. The jury also found in favor of Conway and against Walker Nell on his unjust enrichment claim, but expressly determined that he failed to prove damages under that theory. On August 29, 2013, Conway filed a post-trial motion for prejudgment interest. The trial court granted the motion on September 13, 2013 and molded the jury's verdict to $55,685.50.

In the meantime, Walker Nell filed a notice of appeal on August 9, 2013.[1] Thereafter, on August 13, 2013, Walker Nell moved for post-trial relief. In its post-trial motion, Walker Nell argued that it was entitled to

---

[1] This appeal was docketed as 2387 EDA 2013.

judgment on Conway's breach of contract claim.[2]  On August 27, 2013, the trial court denied Walker Nell's motion, concluding that Walker Nell's notice of appeal divested the trial court of jurisdiction.  On September 11, 2013, Walker Nell moved for reconsideration of the order denying its post-trial motion.  Subsequently, pursuant to an order of court, Walker Nell filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on September 17, 2013.

Conway filed a cross-appeal on August 30, 2013.[3]  On October 4, 2013, this Court quashed Walker Nell's August 9, 2013 notice of appeal on grounds that no final judgment was entered on the trial court's docket. Following remand, on October 7, 2013, the trial court denied Walker Nell's motion for reconsideration of the order that denied its post-trial motion. After the entry of judgment on October 9, 2013, Walker Nell filed a second notice of appeal the following day.[4]  On November 8, 2013, Conway filed a second cross-appeal.[5]  On November 26, 2013, the trial court ordered Conway to file a concise statement pursuant to Pa.R.A.P. 1925(b) for his appeal docketed on November 8, 2013.  Conway timely complied on

_____

[2] Walker Nell's post-trial motion did not reference Conway's unjust enrichment claim or any evidentiary rulings made by the trial court.

[3] This appeal was docketed at 2679 EDA 2013.

[4] This appeal was docketed at 3165 EDA 2013.

[5] This appeal was docketed at 3357 EDA 2013.

December 16, 2013. Eventually, this Court consolidated the appeals docketed at 3165 EDA 2013 and 3357 EDA 2013 and quashed Conway's first cross-appeal, docketed at 2679 EDA 2013, as unnecessary. The trial court issued its Pa.R.A.P 1925(a) opinion on April 9, 2014.

Walker Nell's brief raises the following claims for our review:

[Did t]he [trial] court err[] when it denied Walker Nell's motion for a directed verdict with respect to Conway's breach of contract claim[?]

[Did t]he [trial] court err[] when it denied Walker Nell's motion for a directed verdict with respect to Conway's unjust enrichment claim[?]

[Did t]he [trial] court err[] when it limited the scope of the testimony of Walker Nell's labor market expert witness, Dr. James Markham[?]

[Did t]he [trial] court err[] when it precluded the testimony of Walker Nell's linguist expert witness, Dr. Robert Leonard[?]

Appellants' Brief at 4.

Conway's brief raises the following issue for our consideration:

Did the trial court err when it granted Defendants' [m]otion for [d]irected [v]erdict on Count III, [v]iolation of the [WPCL][?]

Conway's Brief at 2.

Before we reach the substantive merits of the parties' claims, we address whether the litigants preserved appellate review of their issues by including them within post-trial motions filed before the trial court. We begin with Conway and then turn to Walker Nell. Based upon our review of the certified record, we conclude that Conway waived appellate review of his

- 5 -

WPCL claim by failing to raise his contentions in a post-trial motion. We further conclude that, although Walker Nell preserved appellate review of the trial court's refusal to grant a directed verdict on Conway's breach of contract claim, it waived review of its evidentiary issues as well as its claims pertaining to unjust enrichment.

If an issue is not raised in a post-trial motion, it is waived for purposes of appeal. Pa.R.C.P. 227.1(b)(2); *Agostinelli v. Edwards*, 98 A.3d 695, 705 (Pa. Super. 2014). In this case, although Conway filed a timely post-trial motion requesting the trial court to mold the verdict to account for prejudgment interest, he did not file a post-trial motion challenging the dismissal of his WPCL claim. Hence, this claim is waived. Conway's argument on appeal is that we should excuse his oversight in order to reach the substance of his contentions. While Pennsylvania courts enjoy some leeway to overlook a procedural defect where the substantial rights of a party will be unaffected, *Kurtas v. Kurtas*, 555 A.2d 804, 806 (Pa. 1989) (allowing consideration of untimely post-trial motion), that is not the case here since Conway wholly failed to raise and preserve his claim by way of a post-trial motion. We are constrained to conclude that Conway forfeited his right to appellate review by failing to file a post-trial motion raising his WPCL claim.

We now consider Walker Nell's preservation of the claims it raises on appeal. Walker Nell filed a post-trial motion on August 13, 2013 challenging

the denial of its request for a directed verdict on Conway's breach of contract claim. Walker Nell's post-trial motion did not address the trial court's rulings with respect to the scope and admissibility of expert testimony or the denial of the request for a directed verdict on Conway's unjust enrichment claim. Upon receipt of this filing, the trial court concluded that it lacked jurisdiction to consider Walker Nell's claims since Walker Nell filed its motion after filing a notice of appeal. Subsequently, this Court quashed that appeal because no final judgment was docketed in the trial court. Our quashal order removed the jurisdictional impediment to the trial court's review and, following remand, the court addressed Walker Nell's claims. Therefore, we conclude that Walker Nell preserved its right to appellate review of the claims involving Conway's recovery for breach of contract.[6] However, Walker Nell waived any challenge relating to the trial court's evidentiary rulings or the issue of unjust enrichment since those issues were not raised in a post-trial motion.[7]

Walker Nell asserts that the trial court committed an error of law that controlled the outcome of the case when it denied Walker Nell's motion for a

---

[6] Conway argues that Walker Nell's post-trial motion failed to raise its present breach of contract challenge before the trial court. Although Conway is correct that Walker Nell altered its contentions slightly, we do not view this variation as an impediment to appellate review.

[7] We note that consideration of the unjust enrichment claim is unnecessary because the jury awarded Conway no damages on this claim.

directed verdict on Conway's breach of contract claim. Specifically, Walker Nell claims: 1) there was an agreement to pay Conway at the rate of $40.00 per hour; 2) Conway understood and accepted the $40.00 per hour pay rate; and, 3) Walker Nell did not breach the parties' agreement because it paid Conway the agreed amount.

Our standard of review when considering whether a ruling on a motion for a directed verdict was appropriate is as follows.

> In reviewing a trial court's decision whether or not to grant judgment in favor of one of the parties, we must consider the evidence, together with all favorable inferences drawn therefrom, in a light most favorable to the verdict winner. Our standard of review when considering motions for a directed verdict and judgment notwithstanding the verdict are identical. We will reverse a trial court's grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.
>
> There are two bases upon which a [JNOV or directed verdict] can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in his favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*Janis v. AMP, Inc.*, 856 A.2d 140, 143-144 (Pa. Super. 2004) (citations omitted), *appeal denied*, 875 A.2d 1075 (Pa. 2005).

In this case, Walker Nell insists that it was entitled to a directed verdict on Conway's breach of contract claim because the evidence showed that Conway accepted the $40.00 per hour pay rate by continuing to work for Walker Nell until his termination in July 2010. Our review of the record, however, confirms that Conway continued to demand a pay rate of $80.00 per hour throughout his employment and that the pay rate issue was hotly contested at trial. Thus, Conway's "acceptance" of the $40.00 per hour pay rate was not beyond peradventure and the trial court properly determined that reasonable minds could differ about the disputed facts and that a directed verdict was therefore improper. We discern no error or abuse of discretion in the trial court's conclusion. Accordingly, we affirm the judgment entered in the trial court.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2015